# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MIKEY J. O'DONNELL, | Case No. 21-CV-2137 (PJS/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| ST. LOUIS COUNTY DISTRICT COURT; EROK SKON; STATE OF MINNESOTA; CARLTON COUNTY DISTRICT COURT; and JODI HARPSTEAD, | |
| Defendants. | |

Plaintiff Mikey J. O'Donnell, a client of the Minnesota Sex Offender Program ("MSOP"), recently initiated seven lawsuits in this District over the course of a few weeks.  The pleadings submitted in those matters are in some respects unintelligible, but one common theme of the lawsuits — and the sole claim raised in the operative pleading of this case — is that O'Donnell believes his ongoing civil detention and the state-court criminal convictions that preceded the civil detention are invalid.  This is because, O'Donnell claims, he was convicted and later civilly committed under the name "Michael Jon O'Donnell."  But O'Donnell is no longer named "Michael Jon."  He is now "Mikey J." — and the judgments entered in state court, says O'Donnell, do not apply to "Mikey J."

The six other lawsuits recently filed by O'Donnell have each already been dismissed.  *See O'Donnell v. Harpstead*, No. 21-CV-2099 (ECT/TNL); *O'Donnell v. United States Navy*, No. 21-CV-2184; *O'Donnell v. DHS-MSOP Clients*, No. 21-CV-2250 (SRN/LIB); *O'Donnell v. St. Louis County District Court*, No. 21-CV-2251 (SRN/LIB); *O'Donnell v. Harpstead*, No. 21-CV-2252 (SRN/LIB); *O'Donnell v. St. Louis County District Court*, No. 21-CV-2253 (SRN/LIB).  The reasons given for dismissal differed somewhat from case to case depending upon the claims raised by O'Donnell in that specific proceeding.  But with respect to the claim that is again raised by O'Donnell in this lawsuit attacking the validity of his criminal convictions and civil detention, each court has concluded that the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and its progeny precluded such an attack.

For example, in the first of the seven lawsuits recently filed by O'Donnell, Judge Eric C. Tostrud explained that

> [o]n its face, *Heck* applies only to claims that attack criminal judgments, and only where the litigant seeks monetary relief under [42 U.S.C.] § 1983.  But the principles supporting *Heck* have been applied in cases outside those narrow parameters.  As relevant to this case, "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-CV-837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (collecting cases).  That O'Donnell is attacking the legality of a civil commitment . . . does not spare him from the *Heck* doctrine.  Nor does the fact that O'Donnell seeks, in part, non-monetary relief.  *See Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at *2 (E.D. Mo. Dec. 30, 2009) (collecting cases).

2

*O'Donnell v. Harpstead*, No. 21-CV-2099 (ECT/TNL), ECF No. 9 at 3-4 (D. Minn. October 7, 2021) (footnote omitted).  The Court has little to add to Judge Tostrud's analysis.  *Heck* precludes detainees from pressing claims in a non-habeas civil action that, if successfully prosecuted, would necessarily imply the invalidity of the detention.[1] This is precisely what O'Donnell is attempting to do by claiming that his name change renders the state-court judgments inoperable.  The claim presented by O'Donnell in this matter is barred squarely by the *Heck* doctrine.

The claim is also frivolous.  As explained by Judge Susan Richard Nelson in dismissing four of O'Donnell's seven recent lawsuits, "O'Donnell's claim is frivolous separate and apart from the operation of *Heck*.  O'Donnell's contention that his civil detention and criminal convictions have been vacated or [are] otherwise invalid because he has changed his name . . . has no arguable legal basis supporting it."  *O'Donnell v. DHS-MSOP Clients*, No. 21-CV-2250 (SRN/LIB), 2021 WL 4846350, at *4 (D. Minn. Oct. 18, 2021).  The Court agrees.  Setting aside the operation of *Heck*, O'Donnell's claim would be dismissible on the basis of frivolity alone.  *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] That O'Donnell is no longer in custody because of the criminal convictions (as opposed to the civil commitment) and therefore may no longer challenge those convictions through a petition for a writ of habeas corpus does not change the fact that *Heck* bars collateral attacks on those facially valid convictions when brought through a non-habeas civil lawsuit.  *See Newmy v. Johnson*, 758 F.3d 1008, 1010-12 (8th Cir. 2014).

This matter will therefore be dismissed without prejudice.  *Gautreaux v. Sanders*, 395 F. App'x 311, 312-13 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice).  Because the action is frivolous, O'Donnell's application to proceed *in forma pauperis* [ECF No. 2] will also be denied, and because an appeal from this dismissal could not be taken in good faith, O'Donnell will not be granted authorization to proceed *in forma pauperis* on appeal should he request such authorization.  *See* 28 U.S.C. § 1915(a)(3).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.     The application to proceed *in forma pauperis* of plaintiff Mikey J. O'Donnell [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 21, 2021                     s/Patrick J. Schiltz_____
                                            Patrick J. Schiltz
                                            United States District Judge